UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:23-cv-01610-DMG-MAA      Date: July 31, 2023

Title: Adewale Aniyeloye v. Warden B. Birkholz

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order to Show Cause Why the Petition Should Not Be Dismissed as Moot

    On March 3, 2023, Petitioner Adewale Aniyeloye ("Petitioner") filed an "Emergency Petition for Release Pursuant to 28 U.S.C. § 2241," which is construed as a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Section 2241") ("Petition"). (ECF No. 1.) On April 25, 2023, Respondent B. Birkholz ("Respondent"), Warden of the United States Penitentiary in Lompoc, California, filed a Motion to Dismiss the Petition on the basis that Petitioner had not exhausted his administrative remedies ("Motion"). (Mot., ECF No. 8.) On July 10, 2023 (following the Court's issuance on June 21, 2013 of an Order to Show Cause, ECF No. 9), Petitioner filed an Opposition.[1] (ECF No. 10.)

    The Court has an independent obligation to consider its own subject-matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal courts are barred from hearing matters in the absence of a live case or controversy. *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To meet the case or controversy requirement of Article III, the parties must continue to have a personal stake in the outcome of the lawsuit throughout the proceedings. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). A habeas petition is moot when a petitioner's claim for relief cannot be redressed by a favorable decision of the habeas court issuing a writ of habeas corpus. *See Spencer*, 523 U.S. at 7; *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005). The case or controversy requirement requires a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief

---

[1] Based on Petitioner's filing of an Opposition, the Court's Order to Show Cause is DISCHARGED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:23-cv-01610-DMG-MAA                                      Date: July 31, 2023

Title:     Adewale Aniyeloye v. Warden B. Birkholz

sought. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997); *Picrin-Peron v. Rison*, 930 F.2d 773, 775–76 (9th Cir. 1991).

In this case, Petitioner's habeas claims challenge the BOP's determination that he is ineligible to earn time credits under the First Step Act ("FSA") "because of his status as a noncitizen and a detainer lodged against him by the Immigration and Customs Enforcement (ICE)."  (Pet. 1.)[2] Through the Petition, Petitioner requests that the Court order the BOP to credit him with 365 days of FSA time credits, thereby entitling him to immediate release from BOP custody.  (*Id*. at 1, 5–6, 8–9.)

According to the parties, Petitioner's release date from BOP custody was set for July 21, 2023 (Pet. 7; Mot. 8), and the Court's *sua sponte* search of the BOP inmate locator database informs the Court that Petitioner indeed was released from BOP custody on July 21, 2023.  *See Find an Inmate*, BOP INMATE LOCATOR, https://www.bop.gov/inmateloc/ (last visited July 27, 2023).  The Court also conducted a *sua sponte* search of the ICE Online Detainee Locator System, which indicates that Petitioner presently is detained in ICE custody at the Desert View Facility.  *See Online Detainee Locator System*, ICE, https://locator.ice.gov/odls/#/index (last visited July 27, 2023).  In light of Petitioner having received the relief requested through the Petition—release from BOP custody—the Court questions whether this action is moot.

Accordingly, because Petitioner already has been released from BOP custody, he hereby is **ORDERED** to show cause, in writing, **by no later than August 31, 2023**, why the Petition should not be dismissed as moot.  Petitioner shall file one of the following responses to this Order to Show Cause:

1. If Petitioner concedes that the action is moot, Petitioner may file and serve a written response so stating.  If Petitioner elects this option, the Court will issue a recommendation that the action be dismissed without prejudice as moot. Alternatively, in lieu of the response described above, Petitioner may dismiss this action voluntarily.  For this purpose, the Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

---

[2] Pinpoint citations to the parties' filings in this Order refer to the page numbers appearing in the ECF-generated headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:23-cv-01610-DMG-MAA                                               Date:  July 31, 2023

Title:     Adewale Aniyeloye v. Warden B. Birkholz

2. If Petitioner does not concede that the action is moot, he must file a written response explaining in detail why the case is not moot, providing relevant facts and legal authorities.

Petitioner is reminded of his obligation to keep the Court apprised of his current address, telephone number (if any), and e-mail address (if any).  *See* C.D. Cal. L.R. 41-6.  In light of Petitioner's recent release from BOP custody and entry into ICE custody, the Court **DIRECTS** the Clerk's Office to serve this Order by U.S. Mail to Petitioner at both the address currently listed on the Court's docket and the following address:

Adewale Aniyeloye
Desert View Facility
10450 Rancho Road
Adelanto, CA 92301

**Petitioner is cautioned that failure to respond to this Order by August 31, 2023 may result in a recommendation that the Petition be dismissed without prejudice as moot, and/or for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

This Order is non-dispositive.  However, if Petitioner believes this Order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

Attachments:
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))